# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CHRIS LANGER,<br><br>    Plaintiff,<br><br>    v.<br><br>BEVERLY HILLS SUITES LLC, a California Limited Liability Company; and DOES 1-10,<br><br>    Defendants. | Case No. 2:20-cv-02715-JWH-MAAx<br><br>**ORDER ON MOTION OF DEFENDANT BEVERLY HILLS SUITES, LLC TO DISMISS [Dkt. No. 23]** |

## I. INTRODUCTION

On September 4, 2020, Defendant Beverly Hills Suites, LLC filed a motion to dismiss the Complaint of Plaintiff Chris Langer for mootness and lack of standing under Rules 12(b)(1) & (2) of the Federal Rules of Civil Procedure.¹ Alternatively, Defendant argues that the action should be dismissed for insufficient service of process under Rules 4(m) & 12(b)(5).² For the reasons stated below, the court (1) **DENIES** the Motion, and declines to dismiss the Complaint, on the grounds of mootness and standing; and (2) **DEFERS** ruling until trial on Defendant's insufficient-service-of-process defense.

## II. BACKGROUND

Plaintiff is a California resident with physical disabilities.³ He is a paraplegic who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side, and he has a Disabled Person Parking Placard that the State of California issued to him. In March 2020, Plaintiff went to the property at issue, located at 729 Long Beach Boulevard, Long Beach, California, to shop at a Metro by T-Mobile store (the "Business"). Plaintiff alleges that the Business is a facility open to the public, a place of public accommodation, and a business establishment.

Plaintiff alleges that, on the day of his visit, the Business failed to provide wheelchair accessible parking in conformance with Americans with Disabilities Act ("ADA") standards and that he personally encountered this barrier. Plaintiff further alleges that he "will return to the [Business] to avail himself of

---

¹ Def.'s Mot. to Dismiss (the "Motion") [Dkt. No. 23].
² Id.
³ The court assumes the truth of the Complaint's factual allegations solely for the purpose of deciding Defendant's motion to dismiss. The court restates Plaintiff's allegations for context, but it makes no determination regarding their veracity at this stage of the case. *See, e.g.*, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (on motion to dismiss for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party").

its goods and to determine compliance with the disability access laws once it is represented to him that the Store and its facilities are accessible."[4] Plaintiff alleges that he is currently deterred from visiting the Business "because of his knowledge of the existing barriers and his uncertainty about the existence" of other barriers on the premises.[5]

On March 24, 2020, Plaintiff filed a Complaint against Defendant alleging one claim for injunctive relief under the ADA and one claim under California's Unruh Civil Rights Act.[6] The court previously declined to exercise supplemental jurisdiction over the Unruh Act claim and dismissed that claim without prejudice.[7]

On September 4, 2020, Defendant filed the instant Motion, asserting that the Complaint fails to state a claim, that the Complaint fails to allege facts establishing Article III standing, and that the Complaint should be dismissed for insufficient service of process. The Motion is fully briefed, and the court conducted a hearing on the Motion on October 9, 2020.

### III.  LEGAL STANDARD

"[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact"; *i.e.*, an invasion of a legally protected interest that is (a) concrete and particularized; and (b) actual or imminent, rather than conjectural or hypothetical. *See id.* "Second, there must be a causal connection between the injury and the conduct complained of . . . ."

---

[4] Compl. [Dkt. No. 1] at 3:27-4:1.
[5] *Id.* at 4:2-3.
[6] *Id.* at 4:16-6:19.
[7] Order Declining to Exercise Supp. Jurisdiction Over Pl.'s State Law Claims [Dkt. No. 11] at 12.

*Id.* Third, it must be "likely" that the court could redress the injury through a favorable decision. *See id.* at 561.

A defendant may seek to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

Here, Defendant attacks both the face of the Complaint and the underlying facts. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* However, a jurisdictional finding based on genuinely disputed facts is "inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).

A defendant may also move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive such a motion, the complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain "detailed factual allegations," but it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A defendant may also assert insufficient process or insufficient service of process by motion. Fed. R. Civ. P. 12(b)(4) & (5). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "When service of process is challenged, the party on whose behalf service was made has the burden of establishing its validity." *Thorp v. Attack*, Case No. C 08-1449, 2008 WL 3891829, at *1 (N.D. Cal. Aug. 20, 2008).

## IV.  DISCUSSION

Defendant argues that the Complaint should be dismissed for three reasons. First, Defendant argues that the Complaint is moot because of "changes to the property."[8] Second, Defendant argues that Plaintiff lacks standing because Plaintiff cannot credibly claim that he will return to the subject property. Third, Defendant argues that the case should be dismissed for insufficient service of process.

**A.    Mootness**

Defendant argues that the case is moot because of changes to the property. After considering the evidence submitted by the parties, the court concludes that Defendant has failed to establish that Plaintiff's claim is moot.

Defendant provides a declaration from Kenneth Hong in which Mr. Hong attests that he is the general manager of Defendant.[9] Mr. Hong states that Defendant "has made a good faith effort to remove, remedy, or otherwise

---

[8]   Motion at 8:4-7.
[9]   *See* Decl. of Kenneth Hong in Supp. of Motion (the "Hong Decl.") [Dkt. No. 23-1] at 1:22.

-5-

eliminate any alleged barrier identified by" Plaintiff and that "the business that was previously located at the Property at the time of Mr. Langer's alleged visit has moved."[10]

In response, Plaintiff provides a declaration from Corey Taylor, in which Mr. Taylor relates that he visited the Business on September 10, 2010, and found that "the store was open and doing business."[11] Mr. Taylor also states that the "access aisle" for the "reserved parking stall for persons with disabilities" "measured only one foot in width."[12] Mr. Taylor attached to his declaration photographs that appear to show the Business in operation and that do not appear to indicate any recent alterations to the parking area.

In reply, Defendant submitted a further declaration from Mr. Hong in which he states that his records show that the property had been vacated by September 4, 2020.[13] Mr. Hong also provides a purported topographical survey of the Business.[14] In view of the conflicting evidence presented by Plaintiff, however, the court cannot conclude at this stage that Plaintiff's claim is moot.

### B. Standing

To have standing, a plaintiff must suffer an invasion of a legally protected interest that is (a) concrete and particularized; and (b) actual or imminent, rather than conjectural or hypothetical. *See Lujan*, 504 U.S. at 560. "Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood

---

[10]   *Id.* at 2:6-13.
[11]   Decl. of Corey Taylor in Opp'n to Motion (the "Taylor Decl.") [Dkt. No. 24-2] at 1:22.
[12]   *Id.* at 2:11-17.
[13]   Decl. of Kenneth Hong in Supp. of Reply in Supp. of Def.'s Motion [Dkt. No. 25-2] at 2:3-5.
[14]   *Id.* at 2:22-27 and Ex. 2.

that he will again be wronged in a similar way.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948 (9th Cir. 2011) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)).

Here, Plaintiff alleges the following:

> Plaintiff will return to the [Business] to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that the [Business] and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.[15]

Defendant argues that "[w]ith no business remaining, it is impossible for plaintiff Mr. Langer to credibly claim that he intends to return to the subject property."[16] As noted, however, Plaintiff has submitted contrary evidence, which appears to show the store in operation as recently as September 11, 2020.[17] Nor is it clear from the declarations that Defendant submitted whether a similar tenant will soon occupy the property. Defendant also suggests that Plaintiff does not live near the Business, but this contention appears to be based primarily on the location of Plaintiff's attorney, rather than on evidence of where Plaintiff resides.[18] Moreover, the Ninth Circuit has held "that motivation is irrelevant to the question of standing under Title III of the ADA." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1102 (9th Cir. 2017). Accordingly, Plaintiff's allegation that he will return "to determine compliance with the disability access laws" may be sufficient to confer standing.

---

[15] Compl. at 3:27-4:5.
[16] Motion at 10:2-4.
[17] Taylor Decl. at 1:20-2:17.
[18] Hong Decl. at 2:14-18.

In view of the record before the court at this time, Plaintiff's allegations are sufficient for standing purposes. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) ("Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent.").[19] The court does not decide whether Defendant's contentions could be meritorious on a further developed record or at a later stage of the case. *See, e.g.*, *Chapman*, 631 F.3d at 946 ("In an ADA case, 'as with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation.'" (citations omitted)).

### C.    Service of Process

Finally, Defendant argues that the Complaint should be dismissed for failure to serve Defendant properly. Defendant maintains that Plaintiff submitted a "false" declaration of service.[20] On May 22, 2020, Plaintiff filed a proof of service listing "Beverly Hills Suites LLC, a California Limited Liability Company" as the party served.[21] The proof of service states that the agent for service of process is "CHARLIE JUTABHA" and that the party was served at "1205 23rd St, Manhattan Beach, CA 90266."[22] The proof of service states that

---

[19]    The cases that Plaintiff cites suggesting otherwise are distinguishable because of their specific facts and procedural posture. In *Jones v. Sears Roebuck & Co.*, Case No. 2:05-CV-0535-MCE-KJM, 2006 WL 3437905, at *1 (E.D. Cal. Nov. 29, 2006), the court appears to have had the benefit of a more developed factual record, including deposition testimony. *Delil v. El Torito Restaurants, Inc.*, Case No. C 94-3900-CAL, 1997 WL 714866, at *1 (N.D. Cal. June 24, 1997), was decided on a motion for partial summary judgment, rather than a motion to dismiss. In *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1162 (C.D. Cal. 2005), the court held an evidentiary hearing on the issue of standing.

[20]    Motion at 10:10-14.

[21]    Proof of Service of Summons [Dkt. No. 12] at ¶ 3(a).

[22]    *Id.* at ¶¶ 3(b) & 4.

service occurred on "5/12/2020" at "3:18 pm."[23] The proof of service appears to be signed by Roberto Diaz, who is listed as a "registered California process server."[24]

In response to the Motion, Plaintiff submitted the declaration of Roberto Diaz in which Mr. Diaz explains that he located the purported service address through public records and familiarized himself with Charlie Jutabha's likeness through Facebook.[25] Mr. Diaz states that Mr. Jutabha unexpectedly answered the door at 1205 23rd Street, Manhattan Beach, California, and that Mr. Diaz thereupon personally served Mr. Jutabha.[26]

In its reply brief, Defendant submitted the declaration of Charlie Jutabha, who asserts that the Diaz declaration is false and that he "was nowhere in Manhattan Beach or any other part of the South Bay on the May 12, 2020 date of the claimed personal service."[27]

In the absence of more facts, the declarations of Messrs. Jutabha and Diaz are difficult to reconcile. "A defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). In view of the nature of this case and its current procedural posture, the court declines to undertake that evidentiary hearing now. Instead, the court defers the resolution of Defendant's Rule 12(b)(5) insufficient-service-of-process defense until trial. *See* Fed. R. Civ. P. 12(i).

---

[23] *Id.* at ¶ 5(a).
[24] *Id.* at ¶ 7.
[25] Decl. of Roberto Diaz in Supp. of Opp'n [Dkt. No. 24-1] at 2:2-9.
[26] *Id.* at 2:10-16.
[27] Decl. of Charlie Jutabha in Supp. of Def.'s Reply in Supp. of Motion [Dkt. No. 25-1] at 1:26-2:5.

## V. CONCLUSION

For the foregoing reasons, the court hereby **ORDERS** as follows:

1. Defendant's Motion to dismiss on the grounds of mootness and lack of standing (Rules 12(b)(1) & (2)) is **DENIED**.

2. Defendant's Motion to dismiss on the ground of insufficient service of process (Rule 12(b)(5)) is **DEFERRED** until trial.

3. Defendant shall file its Answer to the Complaint within 14 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: October 21, 2020

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-10-